**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Scott Graff, | No. CV-19-00588-TUC-RCC |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

On October 8, 2021, Magistrate Judge Lynette C. Kimmins issued a Report and Recommendation ("R&R") recommending that this Court deny Petitioner Bryan Scott Graff's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. 27.) On October 21, 2021, Petitioner filed a written objection. (Doc. 28.) Respondents filed a Response. (Doc. 29.) Upon review, the Court will deny the § 2254 Petition.

## I.     Standard of Review

The standard of review applied to a magistrate judge's report and recommendation depends on whether a party files objections. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). A district court need not review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Id.* at 150. If, however, a party objects, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §

636(b)(1)(C). Although the district court is not required to review an issue de novo absent a proper objection, the statute "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## II. Procedural History

Petitioner was convicted of two counts of sexual assault and one count of kidnapping in Pima County Superior Court. He received three consecutive sentences of 28 years, for a total of 84 years. (Doc. 27 at 1.)

The Arizona Court of Appeals affirmed the convictions and sentences, and the Arizona Supreme Court denied a Petition for Review. (*Id.* at 2.) Petitioner filed a Notice for Post-Conviction Relief ("PCR"). (*Id.*) His PCR counsel notified the court that she found no colorable claim for relief, and Petitioner filed a pro se petition after the deadline. (*Id.*) The PCR court dismissed the petition without a hearing as untimely and concluded that Petitioner had not presented a colorable claim for relief because his ineffective assistance of counsel claims lacked merit. (*Id.*)

Subsequently, the PCR court granted an extension for Petitioner to seek review of its decision until September 6, 2019. (*Id.*) Petitioner instead filed a Petition for Review with the Arizona Court of Appeals on August 16, 2019. (*Id.*) The Court of Appeals dismissed the petition as untimely but granted leave to seek an extension in Pima County Superior Court. (*Id.* at 2–3.) After Petitioner failed to file anything to show he had been granted an extension for his appeal, the Court of Appeals issued a mandate from which the Petitioner did not seek relief. (*Id.* at 3.) In 2019, Petitioner filed the present federal habeas action and later filed an amended petition on April 23, 2020. (*Id.*) His amended petition presented thirteen claims. (*Id.*)

## III. Magistrate Judge's R&R

### a. Claims 1–3, 5–8, and 11–13

The Magistrate Judge found that Claims 1–3, 5–8, and 11–13 were technically exhausted and procedurally defaulted because Petitioner failed to fairly present the claims before the state court. (Doc. 27 at 29.) These include claims that Petitioner's rights under

the U.S. Constitution were violated when the trial court: admitted late-disclosed DNA evidence (Claim 1); admitted statements regarding Petitioner's interaction on the night of the crime with a woman other than the victim (Claim 2); admitted full-body photographs of Petitioner's tattoos (Claim 3); denied a competency hearing for purposes of sentencing (Claim 5); and admitted the victim's identification of Petitioner (Claim 8). In addition, Petitioner claimed constitutional violations when the state allegedly suppressed a doctor's report that indicated the victim was intoxicated the night of the crime (Claim 11) and allegedly presented perjured testimony from the victim (Claim 12); as well as claims based on Petitioner's arrest (Claim 6); Petitioner's search and seizure (Claim 7); and Petitioner's sentence (Claim 13).

Petitioner did not object to the Magistrate Judge's finding that these claims were technically exhausted and procedurally defaulted. The Court finds that the Magistrate Judge's conclusions are well-reasoned and agrees that Claims 1–3, 5–8, and 11–13 are technically exhausted and procedurally defaulted.

### b.  Claim 4

In Claim 4, Petitioner alleged that his right to a fair and impartial jury under the 5th, 6th, and 14th Amendments was violated after he was removed from the courtroom during the aggravation phase of trial. He also alleged that two aggravating factors were not supported by sufficient evidence.

The Magistrate Judge found that Claim 4 failed on the merits in part because there is no clearly established federal law that requires the trial court to issue a warning before removing a defendant from the courtroom for disruptive behavior; and, even if it were constitutional error, the error was harmless because Petitioner did not identify any impact his removal had on the jury's determination as to aggravation. (Doc. 27 at 17–20.)

Furthermore, the Magistrate Judge concluded that Petitioner's claim failed as to the two aggravating factors that Petitioner alleged did not have sufficient evidence: financial harm to the victim and threatening to inflict serious physical injury. (*Id.* at 20–22.) The Magistrate Judge found that, under the double deference required by AEDPA, the state court's determination that there was sufficient evidence to support these two aggravating

factors was not objectively unreasonable. (*Id.*) The Magistrate Judge also concluded that any error with regard to the two aggravating factors would have been harmless because the trial court needed only one aggravating factor to impose the maximum sentence and the jury found multiple aggravating factors apart from financial harm to the victim and threatening to inflict serious physical injury. (*Id.* at 22.) Therefore, the Magistrate Judge reasoned, the state court's denial of Petitioner's fair and impartial jury claim was not objectively unreasonable. (*Id.*)

Petitioner did not object to the Magistrate Judge's findings on Claim 4.[1] The Court finds that the Magistrate Judge's conclusions are well-reasoned and agrees that Claim 4 fails on the merits.

### c. Claim 9

Additionally, Petitioner alleged that his 5th Amendment right against self-incrimination was violated (a) when he was arrested by police in retaliation for refusing to speak with them about previous charges and (b) when he refused to testify at trial because he believed the state would use other criminal charges against him. The Magistrate Judge concluded that the claim failed on the merits because Petitioner offered no factual support for either subpart of Claim 9. (Doc. 27 at 22–23.) The Magistrate Judge also noted that Petitioner invoked the very right he claims was violated when he chose not to speak with police and chose not to testify at trial. (*Id.* at 22.)

Petitioner did not object to the Magistrate Judge's findings on Claim 9. The Court finds that the Magistrate Judge's conclusions are well-reasoned and agrees that Claim 9

---

[1] Petitioner offers a general objection to the Magistrate Judge's finding "that [his] case had enough evidence to convict." (Doc. 28 at 1.) Following this statement, Petitioner describes alternate explanations for the victim's physical injuries. (*Id.*) The Court does not interpret this as an objection to the findings on Claim 4. The Magistrate Judge did not conclude Petitioner's case had enough evidence to convict in her analysis of Claim 4. Rather, she found that the state court's denial of Petitioner's claim based on two aggravating factors, including threatening to inflict serious physical injury, was not objectively unreasonable based on the evidence, and that any error would have been harmless because of the other aggravating factors found by the jury. Under Federal Rule of Civil Procedure 72(b), objections must specifically indicate the findings and recommendations with which Petitioner disagrees. Fed. R. Civ. P. 72(b); *see also Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Therefore, the Court will not construe Petitioner's statement as an objection to the R&R regarding Claim 4.

- 4 -

fails on the merits.

### d. Claim 10

Petitioner alleged that his trial counsel was ineffective when counsel failed to (a) present a doctor's report and testimony from a doctor to challenge the victim's testimony as to her mental state on the night of the crime, (b) inform Petitioner of a plea offer, (c) offer testimony about his prior relationship with the victim, (d) get a separate charge against Petitioner dismissed, (e) keep two assault charges in one trial, (f) move for a mistrial, and (g) obtain clothing evidence and video evidence.

The Magistrate Judge found that subparts (e) and the portion of subpart (g) that relates to clothing evidence were technically exhausted but procedurally defaulted because Petitioner had not fairly presented them before the state courts. (Doc. 27 at 12.) Petitioner did not object to this finding. The Court finds the Magistrate Judge's conclusion is well-reasoned and agrees that Claim 10(e) and 10(g), to the extent it relates to clothing evidence, are technically exhausted but procedurally defaulted.

The Magistrate Judge further concluded that subparts (a), (b), (c), (d), (f), and (g) (regarding video evidence) of Claim 10 failed on the merits because Petitioner had not met the standard set by *Strickland v. Washington*, 466 U.S. 668 (1984) by showing that counsel's performance fell below an objective standard of reasonableness and caused prejudice to the defendant. (*Id.* at 23–29.) Therefore, the Magistrate Judge found, it was not objectively unreasonable for the state court to have denied Petitioner's ineffective assistance of counsel claims. (*Id.* at 29.)

Petitioner objected to the Magistrate Judge's finding as to Claim 10(a) regarding the doctor's report and doctor testimony. Accordingly, the Court will review Claim 10(a) de novo.

However, as to subparts (b), (c), (d), (f), and (g), to which Petitioner has not raised a specific objection, the Court finds that the Magistrate Judge's conclusions are well-reasoned and agrees that the claims fail on the merits because Petitioner has not met the high burden to show that counsel's performance was deficient or that this deficient performance resulted in prejudice to Petitioner. Therefore, the Court agrees that it was not

objectively unreasonable for the state court to deny these subclaims.

### IV.    § 2254 Habeas Standard

Under 28 U.S.C. § 2254, the district court may grant relief for a claim that has been adjudicated on the merits in state court if the state court's decision "is contrary to, or involved an unreasonable application of, clearly established Federal law" or an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1)–(2). A state court's application of federal law is unreasonable if the Petitioner shows that the state court's decision was not merely erroneous but "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 526 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Factual issues determined by the state court must be rebutted with clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). The district court's analysis is based on the last reasoned decision of the trial court. *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

### V.    Ineffective Assistance of Counsel Standard

To raise a colorable claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient, and that petitioner was prejudiced because of counsel's deficient actions. *Strickland*, 466 U.S. at 686–90; *Correll v. Stewart*, 137 F.3d 1404, 1411 (9th Cir. 1998). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Carrera v. Ayers*, 670 F.3d 938, 943 (9th Cir. 2011) (quoting *Strickland*, 466 U.S. at 689).

Moreover, ineffective assistance of counsel claims in a habeas petition are "doubly" deferential. *Harrington*, 562 U.S. at 105. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* Under this deference, prejudice requires a petitioner to demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Id*. at 104. "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

### VI. Relevant Factual Summary

The victim in this case was examined by an emergency room doctor who created a report in which he commented on the victim's psychiatric condition and noted that she appeared "hyperactive and agitated." (Doc. 18-1 at 441.) The emergency room doctor also noted the victim's history of "schizoaffective disorder and bipolar disorder." (*Id.*) The victim was then evaluated by an attending surgeon whose report noted "a secondary diagnosis of psychosis not otherwise specified." (*Id.* at 441–42.) The surgeon further noted that the victim was displaying disordered thought and exhibiting memory issues. (*Id.* at 442–43.) There were also three inconsistent drug screens conducted on the victim including a test that was negative for all substances, one that was positive for amphetamines, and another that was positive for amphetamines as well as benzodiazepine, cocaine, and opiates. (*Id.* at 442.)

At trial, counsel sought to have these reports admitted to directly contradict the victim's testimony that she was lucid on the night of the incident and helping the doctors with her care at the hospital. (*Id.* at 434, 440–41.) The trial judge reviewed the reports and discussed them with counsel; he ultimately concluded that he would not admit the reports unless counsel called a witness from the hospital who participated in creating the records. (*Id.* at 454.)

The record indicates that counsel made several unsuccessful attempts to get the reports admitted, recognizing their potential importance in Petitioner's case. First, he tried to have the reports introduced through a nurse who performed a sexual assault exam on the victim. (*Id.* at 422–24.) He also sent investigators to the hospital in an effort to locate the doctors or nurses who created the records. (*Id.* at 431–32, 504, 527–28.) Ultimately, the only option left for counsel was to call the emergency room doctor as a hostile witness because the doctor had declined to testify voluntarily. (*Id.* at 536.) It was counsel's conclusion that "unwilling, involuntary testimony of a doctor [was] not going to be very helpful to the defendant . . . ." (*Id.*)

**VII.   Petitioner's Objections**

Petitioner objects to the Magistrate Judge's conclusion on Claim 10(a) that trial counsel was not ineffective under *Strickland* and, therefore, that it was not objectively unreasonable for the state court to deny the claim. (Doc. 28.)

Petitioner first disagrees that his "case had enough evidence to convict." (*Id.* at 1.) He emphasizes that his conviction was based on victim testimony that he asserts was unreliable due to the victim's altered mental state and drug use, which could have been corroborated best by the medical reports that were never introduced at trial. (*Id.*) Thus, Petitioner "object[s] to the doctor not being called" and the Magistrate Judge "saying [the doctor's testimony] might not weigh enough." (*Id.* at 1–2.) He states that the doctor's testimony would have been "such a big peice [sic] of evidence that it would change the outcome of the trail [sic]." (*Id.* at 1–2.) Furthermore, Petitioner argues that the doctor would not have been a hostile witness because his "lawyer needed the doctor; [sic] to show [his] salvation piece of evidence." (*Id.* at 2.)

Upon de novo review, this Court finds that Petitioner is not entitled to relief on his ineffective assistance of counsel claim regarding the medical reports and doctor testimony. He has not explained how the state court's determination that he failed to meet either prong of *Strickland* was contrary to law or an unreasonable application of law to fact.

First, Petitioner has not established that trial counsel's performance was deficient. As outlined above, counsel tried several avenues to introduce the medical records. He also attempted to elicit the information contained in the medical records from the victim on cross examination. (Doc. 18-1 at 295–300.) Under these facts, Petitioner has not overcome the strong presumption that counsel's strategic decision not to call an involuntary witness to introduce the records fell within the wide range of reasonable professional assistance. His only argument to the contrary is Petitioner's assertion that the doctor would not have been a hostile witness because the reports were instrumental to his case. This speculation is insufficient to overcome the presumption that this Court must apply.

The Court need not address prejudice because Petitioner did not establish the first prong of *Strickland*. *Rios*, 299 F.3d at 805. Nonetheless, the Court finds that Petitioner has

- 8 -

not established that counsel's failure to introduce the medical reports caused him to suffer prejudice. In other words, Petitioner has not made a sufficient showing that there was a reasonable probability of a different outcome at trial had the jury learned of the medical reports. The other evidence presented against Petitioner corroborated the victim's testimony. This includes her description of the location of the crime (Doc. 18-1 at 226–31), her identification of Petitioner (*Id.* at 231–32), her detailing of the crime and her resulting injuries (*Id.* at 232–49), and her description of what happened afterwards as she fled the scene and ran to the Circle K (*Id.* at 251–52). These details were all corroborated by other evidence, including law enforcement who investigated the crime and found Petitioner near the scene, witnesses who saw the victim running to the Circle K in the manner she described, photographs and medical reports of the victim's injuries, and DNA evidence that verified the presence of Petitioner's semen on the victim and the victim's blood on Petitioner.

Moreover, the victim testified to some of the information contained in the medical reports that counsel sought to admit. Specifically, the jury heard her admit that she struggled with mental health issues including bipolar disorder, anxiety, depression, and post-traumatic stress disorder, and that she had been previously diagnosed with schizophrenia. (*Id.* at 289–90.) They also heard her discuss her previous drug use and the fact that she used heroin a few days prior to the crime and methamphetamine the day of the crime. (*Id.* at 226, 277–78, 282, 294–95, 298–99.) Finally, the jury heard the victim exhibit some difficulty recollecting the night in the hospital. (*Id.* at 298–99, 301.)

Therefore, given the weight of the other evidence and the victim's testimony on cross examination regarding her mental health and drug abuse, there is a reasonable probability that the jury would have convicted Petitioner even with the medical records that counsel sought to introduce. Petitioner has failed to demonstrate both prongs of *Strickland* and has thus failed to show that the state court's denial of his ineffective assistance of counsel claim with regard to the doctor reports and doctor testimony was unreasonable.

///

### VIII. Conclusion

Upon de novo review of the issues raised in Petitioner's objection to the R&R, the Court agrees with the Magistrate Judge's determinations and adopts the R&R. Petitioner is not entitled to relief in habeas.

### IX. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable persons could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

Accordingly, **IT IS ORDERED**:

1. Magistrate Judge Kimmins' Report and Recommendation is **ADOPTED**. (Doc. 27.)
2. Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is **DENIED**. (Doc. 1.)
3. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 13th day of April, 2022.

Honorable Raner C. Collins
Senior United States District Judge